The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Richard B. Ford and the briefs on appeal. Neither party has shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award.
* * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On the relevant date (s) in this matter the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date (s) an employer-employee relationship existed between plaintiff and defendant-employer.
3. As of said date (s) defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
4. On said date plaintiff was earning an average weekly wage of $321.19.
5. That the issues to be determined in this case are:
 a. Has plaintiff sustained an occupational disease as contemplated under the provisions of the North Carolina Workers' Compensation Act during the course and scope of her employment with defendant;
 b. If so, to what compensation, if any, is plaintiff entitled under the Act.
6. The parties further stipulate into evidence approximately twenty-eight pages of medical records together with a Pre-hearing Stipulation Agreement.
7. It is further stipulated that plaintiff last worked for defendant on 5 November 1993.
* * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff began working for defendant in April of 1990 as a creeler and continued to work in that capacity off and on until she terminated her employment with the defendant on 5 November 1993.
2. During this period she was pregnant on two occasions from approximately September or October of 1991 until 26 July 1992, when she gave birth to her first child and then again from October of 1992 until some time in June of 1993 when she gave birth to her second child and thereafter returned to her employment with defendant as a creeler on 20 August. 1993.
3. She first began to notice pain and numbness in her hands in October of 1992 which condition was reported to defendant and for which she was given medical treatment and care over the period of her employment.
4. The creeling job which plaintiff performed for defendant required 12 hour shifts and 48 hours per week in long weeks and 36 hours per week in short weeks and the repetitive use of the hands in changing spindles on the creeling machines and the tying of 400 to 500 knots per shift in the yarn being processed by the creeling machines which placed her at a greater risk than the public generally outside the work place of developing the occupational disease of carpal tunnel syndrome because of the repetitive hand activity required in the creeling process.
5. As a pregnant female during the period when she was working as a creeler for the defendant, she was also at a greater risk of developing carpal tunnel syndrome because of the accumulation of fluids in the body during the course of a pregnancy.
6. Subsequent to her termination of employment with defendant, plaintiff has continued to suffer from the pain and numbness commensurate with carpal tunnel syndrome even while unemployed and employed as a waitress.
7. During the course of her employment with defendant and as the result of the repetitive hand activities incident to her job duties as a creeler and her susceptibility as a pregnant female, plaintiff developed the occupational disease of carpal tunnel syndrome in October of 1991 and has continually suffered from said disease since the time of the hearing before Deputy Commissioner Ford on 23 February 1994.
8. Plaintiff reached maximum medical improvement on 9 December 1993 when plaintiff was medically rated with respect to her two hands.
9. Plaintiff has sustained a ten (10) percent permanent partial disability of the right hand and a (7.5) percent permanent partial disability of the left hand as the result of the occupational disease of carpal tunnel syndrome which she contracted while being employed by defendant.
10. Subsequent to October of 1992, the only time lost from work by plaintiff was due to her pregnancy, on 5 November 1993, plaintiff voluntarily terminated her employment with defendant, on 1 December 1993, she returned to work for another employer as a waitress and on 9 December 1993, she was medically rated as above stated and thus is entitled to no temporary total compensation benefits.
11. Plaintiff was earning an average weekly wage of $321.19 on 5 November 1993 when she was last exposed to the work environment with defendant which caused the occupational disease of which she complains.
12. It has been medically opined that the plaintiff will continue to have medical and psychological problems with her hands and the inability to use them in a normal way and will be in need of further medical and psychological care and treatment in the future to give her relief and effect a cure of her medical and psychological problems occasioned by the occupational disease of carpal tunnel syndrome from which she suffers as a result of her employment with defendant.
* * * * * * * * * * * * *
Based on the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has sustained the occupational disease of carpal tunnel syndrome by reason of her employment with defendant as a creeler and the performance of the duties commensurate therewith and the effect it had of exacerbating her condition of pregnancy from which occupational disease she has not recovered since the termination of her pregnancy in June of 1993.
2. Under the circumstances and facts of this case, plaintiff is entitled to no temporary total disability compensation benefits.
3. Plaintiff is entitled to permanent partial disability compensation benefits for thirty-five (35) weeks at the rate of $214.13 per week commencing 9 December 1993.
4. Plaintiff is entitled to future medical benefits as provided under the North Carolina Workers' Compensation Act which may tend to give her relief from or effect a cure of the occupational disease and psychological effects thereof from which she suffers as the result of her employment with defendant.
* * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay to plaintiff permanent partial disability compensation benefits for thirty-five (35) weeks at the rate of $214.13 per week commencing 9 December 1993, less the attorney fee hereinafter provided.
2. Defendant shall pay all past, present and future medical expense resulting from said occupational disease which may tend to give the plaintiff relief from or effect a cure of the medical and psychological problems resulting from said occupational disease from which she suffers when the same have been presented for payment as provided under the Act.
3. An attorney fee of 25 percent of the compensation herein allowed is hereby approved and awarded to Randy D. Duncan for his services to plaintiff to be deducted from the compensation above-provided and paid directly to said attorney.
4. Defendant shall pay the costs.
 S/ _________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________ COY M. VANCE COMMISSIONER